**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ARTUR BADALYAN, | Case No. ED CV 26-1401 FMO (JDE) |
| Petitioner, | |
| v. | **ORDER ACCEPTING IN PART FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE** |
| PAMELA BONDI, et al., | |
| Respondents. | |

Pursuant to 28 U.S.C. § 636 and General Order 05-07, the Court has reviewed de novo all the briefing related to the Petition and the Magistrate Judge's Report and Recommendation (Dkt. 12, "R&R"), which recommends granting the Petition in part and ordering respondents to provide petitioner with a custody re-determination hearing. (See id. at 7). Petitioner filed objections to the relief recommended in the R&R, contending that immediate release is warranted. (See Dkt. 13, Objections at 2).

It is undisputed that petitioner was previously released based on an Order of Release on Recognizance ("OREC"), (see Dkt. 9, Respondents' Response to Petition ("Response") at 2) ("On September 18, 2025, Petitioner was released from DHS custody pursuant to Form I-220A Order of Release on Recognizance[.]"), and as the Magistrate Judge finds, respondents violated petitioner's due process rights by revoking his OREC status without notice and an opportunity to respond. (See Dkt. 12, R&R at 5-7). However, the Magistrate Judge's recommendation of a custody re-determination hearing constitutes post-deprivation relief, "which has no bearing on whether Respondents provided the requisite pre-deprivation relief." See Baran v. Bowen, 2026

WL 1048225, *3-4 (C.D. Cal. 2026) (ordering immediate release where petitioner had initially complied with the conditions of his supervised release but was later arrested and convicted for assault); Chicoze-Ezechi v. Noem, 2026 WL 265733, *2 (W.D. Wash. 2026) ("The Court also finds while Petitioner may request a bond hearing, a post-deprivation bond hearing is an inadequate procedural safeguard because it would occur only after detention and thus fails to address an erroneous deprivation of liberty."); see also Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493 (1985) ("[T]he root requirement of the Due Process Clause [is] that an individual be given an opportunity for a hearing before he is deprived of any significant [protected] interest.") (internal quotation marks omitted).   Accordingly, "Petitioner's receipt of a post-deprivation bond hearing does not displace his entitlement to pre-deprivation procedural protections[,]" Baran, 2026 WL 1048225, at *3, and therefore release from detention is warranted.

Moreover, there appears to be a factual dispute as to whether petitioner violated the conditions of his release under his OREC.  As the Magistrate Judge notes, respondents did not lodge a copy of the OREC, (see Dkt. 12, R&R at 3 n.1); instead, they filed a declaration from a deportation officer asserting that petitioner violated the conditions of his release based on a recent arrest and related charges.  (See Dkt. 9-1, Declaration of Rogelio A. Torres ("Torres Decl.") at ¶¶ 7-9).  But petitioner contends that he was never charged with any penal code violations and, therefore, has not violated the conditions of his release.  (See Dkt. 10, Reply at 6-7).  Under the circumstances here, the Court finds that, "where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are . . . [and] that the petitioner violated the conditions of his release pursuant to an OREC or similar status," petitioner should be immediately released.[1]  See Ekenge v. Baltazar, 2026 WL 617341, *7 (D. Colo. 2026),

---

[1]  The Court is also skeptical of respondents' assertion that 8 U.S.C. § 1226(c)(1)(E), as amended by the Laken Riley Act ("LRA"), applies to petitioner.  (See Dkt. 9, Response at 2-4); see, e.g., Helbrum v. Williams Olson, 2025 WL 2840273, *5-6 (S.D. Iowa 2025) ("Under common usage of the English language, if criminal charges against someone have been dropped, we would not continue to say the person 'is charged with' that crime, present tense.  By using the present tense, § 1226(c)(1)(E)(ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute."); E.C. v. Noem, 2025 WL 2916264, *11 (D. Nev. 2025) ("[T]he Court finds that the

see, e.g., Yaman v. Lyons, 2026 WL 323060, *5 (E.D. Cal. 2026) (ordering petitioner's immediate release where there was "no evidence in the record that he violated any term of his release or that he has any criminal record"); Paz Pernia v. Noem, 2026 WL 746567, *2 (W.D. Wash. 2026) (ordering petitioner's release where there was no evidence petitioner's OREC required in person check-ins and the government was aware of his change of address); Chicoze-Ezechi, 2026 WL 265733, at *2 ("Respondents proffer a conclusory statement, which is tantamount to the[m] simply asserting Petitioner violated conditions of release.").

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1.   The Magistrate Judge's findings, conclusions, and recommendations are accepted, except as set forth below.

2.   Petitioner's Petition for Writ of Habeas Corpus **(Document No. 1)** is **granted** in part as set forth in this Order.  The Petition is granted as to petitioner's procedural due process claim.

3.   Respondents shall release petitioner forthwith with all personal effects seized from petitioner, including all identification documents and immigration documentation.  Respondents shall not impose any release restrictions (e.g., electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

4.   Respondents shall file with the court a Notice of Compliance within forty-eight (48) hours of releasing petitioner.

5.   Respondents shall not re-detain petitioner without providing petitioner with, at minimum, individualized notice describing the change in circumstances necessitating petitioner's arrest and/or detention, and a pre-deprivation bond hearing before an immigration judge.  Petitioner shall

---

statutory text's reference to a person who 'is charged with' or 'is arrested' for a theft-related offense, in the present tense, cannot be read to apply to a person [that has previously been arrested for and charged with a crime where they have also been acquitted of the crime."); Hairo v. Crawford, 2026 WL 286176, *2 (E.D. Va. 2026) (same); see also Matute v. Jamison, 2026 WL 461557, *5 (E.D. Pa. 2026) (finding "[t]here is no express command in the text of the LRA that it should apply to past conduct").

not be detained unless respondents demonstrate at a pre-deprivation hearing that petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

6. Judgment shall be entered accordingly.

Dated this 15th day of May, 2026.

_____
/s/
Fernando M. Olguin
United States District Judge

4